UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYFIELD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1538 CDP |
| | ) | |
| SEKHAR VANGALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff, a civil detainee at Missouri's Sexual Offender Rehabilitation and Treatment Services ("SORTS"), moves for leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, the Court will require plaintiff to submit an amended complaint.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against Sekhar Vangala, Diana Keevin, and two John Does. Plaintiff says Vangala falsely accused him of threatening to sexually assault staff and other patients. As a result, someone placed plaintiff in the "watch room for weeks" and restricted his movements to one ward.

Plaintiff claims that Keevin "continued to make a false statement" about his sexual misconduct, "causing more psychiatric abuse."

Staff members told plaintiff there was audio and video evidence of the threats. They refused to show him the video, however, because it is against SORTS's policy to show patients video of the facility. Plaintiff argues that his due process rights were violated as a result. He maintains that these violations were racially motivated.

## Discussion

Plaintiff's allegations are too vague to demonstrate a plausible claim for relief under *Iqbal*. The only allegations against Vangala and Keevin are that they

2

falsely accused him of making threats and recorded the accusations in his medical record. He does not allege that they personally instituted the restrictions on his movement that resulted from the accusations. Nor does he allege that these defendants denied his requests to see the video evidence. The mere fact that they accused him of making the threats does not state a claim upon which relief can be granted.

Plaintiff's due process claims might state a plausible claim for relief if plaintiff can identify those persons involved in the violations. *See Whitford v. Boglino,* 63 F.3d 527, 531 n. 4 (7th Cir. 1995) ("[P]retrial detainees . . . not be punished without due process of law regardless of state regulations."). Without proper identification of the defendants, however, the Court cannot serve those defendants with process.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be considered abandoned. *Id.* Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their

individual capacities, plaintiff must specifically say so in the complaint.  If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must use the form and file an amended complaint within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 10th day of July, 2017.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE