# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYFIELD JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-CV-1538 CDP |
| SEKHAR VANGALA, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, I find that the case must be dismissed for failure to state a claim upon which relief can be granted.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff is a civil detainee in Missouri's Sex Offender Rehabilitation and Treatment Services Program. He brings this action against Dr. Sekhar Vangala, his psychiatrist, and Diana Keevin, a nurse, in their official capacities.

Plaintiff says Vangala falsely accused him of threatening to sexually assault staff and other patients. As a result, the team leader restricted his movements to a single ward. Plaintiff asked Vangala to see the videotapes showing him making the threats, but Vangala refused the request.

Plaintiff claims that Keevin falsely recorded the alleged threats in his medical file.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons'

under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted, and it must be dismissed under 28 U.S.C. § 1915(e).

Moreover, plaintiff's allegations do not show that he was impermissibly punished in violation of the Constitution. To demonstrate unconstitutional punishment in the civil confinement setting, a plaintiff must show that the given imposition rises above "a *de minimis* level . . . with which the Constitution is not concerned. *Bell v. Wolfish*, 441 U.S. 520, 539 n. 21 (1979). If shown, the next question is "whether there is punishment in the *constitutional* sense . . . because detention always involves some loss of freedom and of life's ordinary comforts." *Id.* (emphasis in original). In this case, plaintiff's restriction to a single ward does not constitute punishment because it is a normal loss of freedom in the civil commitment setting. Further, plaintiff has not alleged any facts showing that the conditions in the ward were unconstitutional.

Plaintiff also says that his legal mail is being opened or delayed in retaliation for filing lawsuits. However, plaintiff does not allege that defendants were personally involved in this matter, and so, these allegations do not state a plausible claim for relief. *E.g., Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Finally, "[q]ualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would

3

have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted); *see Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). The tests for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Here, the restriction on plaintiff's movement did not violate clearly established law that a reasonable person should have known. Therefore, defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that his action is **DISMISSED** without prejudice. All pending motions are **DENIED** as moot.

An Order of Dismissal will be filed forthwith.

Dated this 8th day of August, 2017.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE